**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **ELIZABETH LEADERMAN,** | |
| **Plaintiff,** | |
| v. | **1:16-cv-3955-WSD** |
| **QUIKTRIP CORPORATION,** | |
| **Defendant.** | |

**OPINION AND ORDER**

On September 22, 2016, Plaintiff Elizabeth Leaderman ("Plaintiff") filed her Complaint [1.1] in the State Court of Fulton County. The Complaint alleges that Plaintiff sustained injuries after tripping and falling at a gas station owned by Defendant QuikTrip Corporation ("Defendant"). Plaintiff incurred medical expenses "in excess of $7,500.00," and "incurred significant pain and suffering, past and present." (Compl. ¶¶ 13-14). Plaintiff asserts a negligence claim against Defendant and seeks damages "in excess of $15,000.00." (Compl. ¶ 15).

On October 24, 2016, Defendant filed its Notice of Removal [1], seeking to remove this action from state court. The Notice of Removal asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal ¶ 8). On November 8, 2016, Plaintiff filed her Stipulation to Damages [4], "stipulat[ing]

to limit the total damages sought in this case . . . to an amount at or less than $75,000.00." ([4] at 1). Plaintiff states she "will not seek more than $75,000.00 at trial" and "will not seek to enforce a jury verdict in excess" of that amount. ([4] at 1).

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case, the Complaint [1.1] raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). The burden of establishing diversity jurisdiction "rests with the defendant seeking removal." Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013); City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012)

("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "Where a plaintiff's state court complaint specifically claims less than the requisite jurisdictional amount in controversy, the defendant must prove to a legal certainty that the plaintiff will not recover less than the jurisdictional amount." Boyd v. Shelton, No. 1:09-cv-03502, 2010 WL 1817759, at *2 (N.D. Ga. May 6, 2010). "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement." Id. "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010).

After quoting language from Plaintiff's Complaint, Defendant's Notice of Removal simply asserts that "the amount in controversy is in excess of $75,000." (Notice of Removal ¶ 5). Defendant does not offer an explanation or provide additional evidence for this conclusion. In view of the modest allegations in Plaintiff's Complaint, the Complaint's limited request for damages "in excess of $15,000.00," and Plaintiff's post-removal stipulation that she "will not seek more than $75,000.00 at trial," the Court finds that the jurisdictional amount in

controversy has not been established and this action is required to be remanded to state court for lack of subject matter jurisdiction.  See City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000) ("In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction . . . [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined." (citations omitted)); see also Davison v. Lefever, No. 13-cv-157, 2013 WL 4012654, at *3 (S.D. Ala. Aug. 5, 2013) (remanding to state court where "the jurisdictional amount was ambiguous on the face of complaint" and plaintiffs' post-removal stipulation of the damages sought "shed[] some light on [plaintiffs'] thinking at the time they filed their complaint").

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is remanded to the State Court of Fulton County, Georgia.

**SO ORDERED** this 10th day of January, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE